IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARDO MENDIA,<br><br>        Plaintiff,<br><br>   v.<br><br>CONTRA COSTA COUNTY DISTRICT ATTORNEY'S OFFICE, et al.,<br><br>        Defendants. | No. 17-cv-1156 CRB<br><br>**ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER AND DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff Bernardo Mendia seeks to enjoin his prosecution in state court to prevent alleged violations of his rights under the Compulsory Clause of the Sixth Amendment, the Due Process Clause of the Fourteenth Amendment, and the Double Jeopardy Clause of the Fifth Amendment. See Compl. (dkt. 1) ¶ 2. Granting the requested relief based on Mendia's allegations, however, would be "a violation of the national policy forbidding federal courts to stay or enjoin pending state court proceedings except under special circumstances." Younger v. Harris, 401 U.S. 37, 41 (1971); see also 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceeding in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."); Samuels v. Mackell, 401 U.S. 66, 73 (1971) ("[T]he basic policy against federal interference with pending state criminal prosecutions will be frustrated as much by a declaratory judgment as it would be by an injunction."). The Court has no choice but to DENY Mendia's request for a temporary restraining order and DISMISS his complaint.

To avoid this result, Mendia must plausibly allege "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." Middlesex County Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982).  This is an extraordinarily high bar. See, e.g., Dombrowski v. Pfister, 380 U.S. 479, 487–88 (1965) (allowing injunction where there was smoking-gun evidence of bad faith, such as "repeated announcements" that plaintiffs were a "subversive of Communist-front organization" and where there was a widespread pattern of unlawful raids, arrests, and seizures of documents).  And though Mendia alleges that his prosecution is being "done in bad faith" and is "nothing more than harassment," he alleges nothing else other than the basis for his constitutional claims.[1]  See, e.g., Compl. ¶ 4 (maintaining that purported Double Jeopardy violation, standing alone, evinces bad faith); id ¶¶ 28–37; 48–52 (alleging that deportation of witness undermined his ability to impeach undercover agent).  For that reason, his comnplaint contains nothing more than a "naked assertion" of special circumstances, which is not enough to justify departing from the Younger rule, even at the pleading stage.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007).  Mendia's claims may or may not have merit, but he must almost certainly bring them in state court as defenses to the prosecution.[2]

For the foregoing reasons, the request for a temporary restraining order is DENIED and the complaint is DISMISSED.  Although it appears unlikely that Mendia can make the required showing under Younger to obtain the extraordinary remedy of an injunction, the Court will afford him LEAVE TO AMEND his complaint within 30 days.

**IT IS SO ORDERED.**

Dated: March 8, 2017

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[1] He also points out that he represented himself in the earlier proceedings, Compl. ¶ 5, but that fact alone does not indicate that Defendants retaliated against him for doing so.

[2] To the extent Mendia fears that he cannot raise his claims effectively in state court, he might consider enlisting the help of a lawyer.  If he cannot afford one, one will be provided.  See Gideon v. Wainwright, 372 U.S. 335 (1963).